UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN KEITH MCELROY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-03260 (UNA) |
| | ) | |
| LAKE COUNTY | ) | |
| SHERIFF'S OFFICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner, a state pre-trial detainee currently designated to the Brevard County Jail, located in Cocoa, Florida, filed this matter on October 24, 2022, by filing an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* pleading entitled "petition for habeas corpus pursuant to 28 U.S.C. § 2241[,]" ECF No. 1. He sues the Lake County Sherriff's Office, the Painesville Municipal Court, the Lake County Court of Common Pleas, the "Madison TWP Police," and the "Department Public Defenders Office." All the respondents are located in Ohio.

The petition is not a model in clarity. Petitioner appears to pursue, in part, relief under Section 2241, including petitioner's "extradition" to Ohio for proceedings in the Painesville Municipal Court and the Lake County Court of Common Pleas, the dismissal of pending charges in those courts, and his release from custody. But petitioner also alleges various constitutional violations and seeks damages of more than $300,000.

On November 30, 2022, the court reviewed this matter and found that, despite having moved to proceed IFP, petitioner had only submitted a partial trust fund accounting for less than

one month. *See* Order ("Ord."), ECF No. 5,[1] citing 28 U.S.C. § 1915(a)(2); *see also* First Partial Trust Accounting, ECF No. 3. Therefore, the court ordered petitioner to, within 30 days, provide a full certified six-month trust account statement. Ord. at 2. He was forewarned that failure to comply would result in dismissal of this matter without prejudice. *Id*. In response, petitioner has now filed another partial trust account statement, ECF No. 9, accounting for less than two months, falling short of the required six months.

This court notes that petitioner has technically filed a petition pursuant to 28 U.S.C. § 2241, and a prisoner filing a petition for writ of habeas corpus generally shall pay a filing fee of $5, *see* 28 U.S.C. § 1914(a), or alternatively, file an affidavit listing all of the assets that the prisoner possesses, and a statement that the prisoner is unable to pay the required filing fee, but he need not file a trust account statement, *see id.* § 1915(a)(1); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039–42 (D.C. Cir. 1998). However, and as noted above, the petition also raises multiple civil claims for damages, therefore, petitioner is required to pay the full civil filing fee, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding that a court is obligated to address a pleading according to its content, rather than its label), and because petitioner has applied to proceed IFP and pay in installments, he is thus required to submit his full six-month trust accounting, *see* 28 U.S.C. § 1914(a); *id.* §§ 1915(a)(1)–(2), (b)–(c), which he has once again failed to do. Therefore, for this reason alone, the court can deny the IFP application and dismiss this matter.

However, the court finds that the petition shall be dismissed for additional reasons. First, "[a] district court may not entertain a habeas petition involving present physical custody unless the

---

[1] It appears that the court's order was returned as undeliverable to plaintiff's current address of record. *See* Mail Returned, ECF No. 11. Nonetheless, plaintiff seemingly received notice of that order because he responded to it. *See generally* Second Partial Trust Accounting, ECF No. 9. Furthermore, plaintiff is obligated to keep the court apprised of any change of address, or risk dismissal, *see* D.C. LCvR 5.1(c)(1), and there is no indication that his address of record has since changed.

respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Here, petitioner's custodian is located in Florida, not in the District of Columbia.

Second, petitioner challenges his pending criminal charges in Ohio state court. But federal district courts generally lack jurisdiction to review or otherwise interfere with judicial decisions by state courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996), citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), particularly in state criminal proceedings, due to "the fundamental policy against federal interference with state criminal prosecutions[,]" *Younger v. Harris*, 401 U.S. 37, 46. (1971). Nor would this District be the appropriate venue to do so. *See* 28 U.S.C. § 1391(b).

For all these reasons, petitioner's IFP application is denied without prejudice, the petition, ECF No. 1, and this matter, are dismissed without prejudice, and petitioner's three other pending motions, ECF Nos. 8, 10, 12, are denied without prejudice. A separate order accompanies this memorandum opinion.

/s/_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   January 4, 2023